PARLIN & ORENDORFF IMPLEMENT CO.
v. CLEMENTS.

(Court of Civil Appeals of Texas. Austin.
April 16, 1913.)

1. APPEAL AND ERROR (§ 1068*)—HARMLESS
ERROR—ERRONEOUS INSTRUCTIONS.
Where the judgment rendered in an action
for damages is fully sustained by evidence, the
error in submitting an improper element of dam-
ages is not prejudicial.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig.
§ 1068.*]

2. EXECUTION (§ 472*)—WRONGFUL EXECU-
TION—LIABILITY.
An owner of property wrongfully levied on
under execution, who refrains from using the
property under the instructions of the officer
making the levy, and who is thereby for a time
deprived of its earning capacity, may recover
the reasonable value of its use during and up to
the time he was informed of the release of the
levy.

[Ed. Note.—For other cases, see Execution,
Cent. Dig. §§ 1403, 1404; Dec. Dig. § 472.*]

3. EXECUTION (§ 472*) — WRONGFUL EXECU-
TION—LIABILITY.
Where an officer wrongfully levied on two
horses of defendant, and for five or six days
defendant was not permitted to use the horses,
and the reasonable value of their use was about
$3 per day apiece, a judgment for $8 damages
was authorized.

[Ed. Note.—For other cases, see Execution,
Cent. Dig. §§ 1403, 1404; Dec. Dig. § 472.*]

Error to District Court, McLennan Coun-
ty; Marshall Surratt, Judge.

Action by T. E. Clements against the Par-
lin & Orendorff Implement Company. There
was a judgment for plaintiff, and defendant
brings error. Affirmed.

See, also, 54 Tex. Civ. App. 356, 117 S. W.
495.

J. B. McNamara, of Waco, and Short &
Feild, of Dallas, for plaintiff in error. W.
L. Eason, of Waco, for defendant in error.

Findings of Fact.

JENKINS, J. On May 2, 1900, in a suit
of plaintiff in error against Wiley Jones and
defendant in error, plaintiff in error obtained
judgment in the justice's court of precinct
No. 1, Dallas county, against said Jones;
but no recovery was had against defendant
in error. This judgment has been kept alive
by the issuance of executions. About July 1,
1907, plaintiff in error obtained an execution
on said judgment, which recited that the
same was rendered against both Jones and
defendant in error, and placed said execution
in the hands of a constable at Waco, Tex.,
who levied upon two head of horses be-
longing to defendant in error and his part-
ner in the livery business, one Webb. Webb
afterwards sold said livery business and all
accounts due said business to defendant in

error. Defendant in error informed the
constable and plaintiff in error's local at-
torney at Waco before said levy was made
that there was a mistake in issuing said
execution, and that said judgment in fact
was not against him. The constable left
said horses in possession of Webb, partner
of defendant in error, taking his receipt for
the same. Defendant in error went to Dal-
las, examined the judgment, and found that
it in fact was not rendered against him,
and so informed plaintiff in error, who, after
having said judgment examined by their at-
torney, instructed the constable to release
said levy. The horses were held under
this levy five or six days, and the value
of their use during such time was $3 per
day each. Defendant in error recovered
judgment for $100 damages, but remitted
$92 of the same.

Opinion.

Defendant in error objects to the con-
sideration of plaintiff in error's assignments
of error, for the reason that they do not
comply with the rules for the government
of this court. These objections might well
have been sustained, but we have concluded
to decide this case upon its merits.

[1, 2] The court submitted to the jury two
elements of damage; one the value of the
use of the horses whilst they were held under
said levy, and the other expenses incurred
by defendant in error in going to Dallas and
getting said levy released. Plaintiff in error
contends that such expenses were not prox-
imately caused by said levy, and are too
remote to be the basis of recovery. If this
be conceded, the judgment as it now stands,
to wit, for $8, is fully sustained by the evi-
dence as to the value of the use of the
horses during the time they were held under
said levy. "If [appellee] refrained from the
use of the property under the instructions of
the officer who made the levy, and thereby
for a time was deprived of its earning
capacity, he could, if there was evidence to
justify the submission of that issue, re-
cover the reasonable value of its use dur-
ing and up to the time that he was informed
that the levy was released." Low v. Ne
Smith, 77 S. W. 32.

[3] Appellee testified as follows: "I do
not know just exactly how long those horses
were from under my control and possession
after the levy. It was several days; my best
judgment of the number of days would be
five or six. They left the horses there in
Mr. Webb's possession during that time,
and Webb gave him a receipt for them.
During that time I was not permitted to use
them. The reasonable value of the use of
the horses was about $3 per day apiece."
Finding no error of record, the judgment
of the trial court is affirmed.

Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes